## No. 10,375.

### HALL, ET AL. *v.* SUNBERG, ET AL.

Decided July 3, 1922.    Rehearing denied October 2, 1922.

Action to rescind contract.    Judgment of dismissal.

### *Reversed.*

#### *On Application for Supersedeas.*

1.  CONTRACT—*Rescission.*  When one party to a contract has failed to perform, the other party has the right to rescind and be placed in statu quo, or to sue for damages for breach of contract.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Mr. T. E. MUNSON, for plaintiffs in error.

Messrs. COEN & SAUTER, for defendants in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFFS in error entered into a contract with defendants in error for the purchase of land, and paid thereon $2,000 as a part of the purchase price.  A deed for a part of the land was to be given on March 1, 1921, and the remainder of the tract was to be conveyed July 1, 1921, on payment of $1,000 and the delivery of certain promissory notes for the balance of the purchase price.  No conveyance

having been made or tendered, the purchasers brought a suit to rescind.

The complaint alleged the making of the contract and the payment as aforesaid, the defendants' default in delivering said deed on March 1; and plaintiffs' election to rescind said contract. The prayer was for a cancellation of the contract and a return of the money paid, less an amount alleged to have been agreed upon as the rental value of the premises while in plaintiffs' possession.

Defendants, by answer, admitted the contract, alleged that the time for conveyance had been extended, that defendants had declared said contract forfeited, and had served notice on plaintiffs to that effect.

The jury found against the defendants on the question of the alleged extension, which was the only matter submitted to the jury.

The court seems to have held that a rescission could not be had under the allegations of the complaint, but because of what defect does not appear. Counsel for plaintiffs in error in his brief asserts that the court's view was that both parties must consent before a rescission could be allowed.

Application to amend the complaint by alleging that defendants had given notice of election to cancel the contract was denied, and the case dismissed.

When one party to a contract has failed to perform, the other party has the right to rescind and be placed in *statu quo*, or to sue for damages for breach of contract. This has been many times held by this court. The complaint alleged failure of defendants to convey the land, and an election to rescind. The answer admitted that the conveyance had not been made, and alleged that defendants had elected to cancel the contract. If the court's view was as counsel states, it evidently overlooked the fact that the answer supplied the supposed defect in the complaint by pleading an election to rescind, and notice thereof to the plaintiffs.

If the amendment had in fact been necessary it should have been allowed to conform to the evidence which established the fact of defendants' election to rescind, as alleged

in the' proposed amendment. We do not, however, think the amendment necessary. The complaint stated a cause of action, which was established by the evidence. There was no forfeiture clause in the contract, and were there one it would not authorize these defendants to act under it when they were the parties in default. The plaintiffs, having elected to rescind for good cause shown, were entitled to recover according to the prayer of the complaint. The judgment is accordingly reversed and the cause is remanded for further proceedings in harmony with the views herein expressed.

MR. JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.